**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAKIMAH R. DYE<br><br>PLAINTIFF,<br><br>vs.<br><br>CITY OF CLEVELAND *et al.*,<br><br>DEFENDANTS. | ) | CASE NO. 1:26-cv-00860-MJH<br><br>JUDGE MICHAEL J. HENDERSHOT<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

Plaintiff Jakimah R. Dye moves to amend her complaint against the City of Cleveland and several city employees. The Court grants the motion, which also moots several pending motions.

## I. Background

Dye sued the City of Cleveland and four city employees alleging that her termination from city employment violated the Constitution and state law. [R.1]. The city and the employees answered and filed five motions for judgment on the pleadings. [R.17; R.18; R.19; R.20; R.21]. Dye responded by asking for permission to

amend her complaint. [R.23]. She also sought the Court's blessing to file tardy responses to the five motions for judgment on the pleadings. [R.26].

## II. Framework

"Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quotation omitted). Justice generally so requires unless the filing (1) generates undue delay (2) deprives the opposing party of notice (3) arises from the moving party's bad faith (4) involves a "repeated failure to cure [pleading] deficiencies," (5) causes "undue prejudice to the opposing party," or (6) amends the complaint such that it would still fail Rule 8's pleading requirements (often called futility). *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (quotation omitted). If none of these reasons are "apparent or declared," leave should be "freely given," *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotation omitted), because "[t]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted).

## III. Analysis

### A. All the leave to amend factors weigh in Dye's favor

The motion here raises none of the yield signs that might caution against granting leave to amend.

### 1. Defendants will not suffer any undue prejudice if leave is granted

Before denying a motion to amend, a court "must find at least some *significant* showing of prejudice to the opponent." *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (emphasis added) (quotation omitted). Ultimately, "[t]he burden of proof of prejudice is on the party opposing the amendment." *Fischbach v. City of Toledo*, No. 3:06-cv-2588, 2009 WL 10718771, at *1 (N.D. Ohio Aug. 27, 2009) (Katz, J.) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)).

Some common scenarios that may satisfy that burden include an amendment that would (1) "require the opponent to expend significant additional resources to conduct discovery and prepare for trial;" (2) "significantly delay the resolution of the dispute; or" (3) "prevent [a] plaintiff from brining a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (citation omitted). Other possible ways to meet that burden include amendments sought: (1) after expired discovery deadlines; (2) to add a new claim long after the party learns of facts to support that new claim; or (3) to add new claims that will complicate the proceedings. *See Verragio, Ltd. v. Signet Jewelers Ltd.*, No. 5:20-cv-01083, 2021 WL 4813279, at *4 (N.D. Ohio May 26, 2021) (Henderson, J.) (citations omitted). On the flip side, prejudice is generally lacking if the amendment raises new, related claims within the discovery deadlines. *See id.* (citations omitted).

Defendants have not carried their burden to show prejudice. To start, they make no argument opposing the motion for leave about prejudice. [*See* R.24]; *see also Summit Locations v. Neal*, No. 5:25-cv-00229, 2026 WL 1602725, at *3 (E.D. Ky. June

4, 2026) (conceding argument as to remaining factors when defendant challenged solely on futility grounds). But even if Defendants have not forfeited the point, nothing here reveals the kind of prejudice that suggests denying the motion to amend.

*First*, Dye moved to amend before the Court issued a scheduling order and before any discovery commenced. In comparable situations, courts in this Circuit grant leave to amend. *See e.g.*, *Taylor v. Fam. Health Ctrs., Inc.*, No. 3:25-cv-583, 2026 WL 84415, at *2–4, 6 (W.D. Ky. Jan. 12, 2026) (leave sought after motions to dismiss but before any scheduling order and before any discovery); *Silva v. Kreager*, No. 3:24-cv-1547, 2026 WL 1045148, at *2–4, 7 (N.D. Ohio Apr. 17, 2026) (Knepp II, J.) (amendment would require only limited additional discovery).

*Second*, Dye's proposed amendment would simplify rather than complicate the case. For one, Dye is not adding any new claim. [*Compare* R.1 at 12, 15, 18, 22, 26, 30, *with* R.23-1 at 575, 578]. Rather, the amendment would delete four claims and add facts to support the remaining claims. [*Compare* R.1 at 12, 15, 18, 22, 26, 30, *with* R.23-1 at 575, 578; *see generally* R.1, R.23 at 556–57, R.23-1]. Amendments are rarely prejudicial when they do not "change the underlying theory," but "merely add[] factual allegations" to the initial pleading. *Taylor*, 2026 WL 84415, at *4; *cf. Duggins*, 195 F.3d at 833–35 (affirming denial of leave because it would have required defendants "to reopen discovery and prepare a defense for a claim quite different from the . . . claim that was before the court."). For another, while Dye's proposed amended complaint technically adds a new party (Sarah Johnson) in the caption, [R.23-1 at 560], Dye later explained that this addition is a mistake. [*See* R.25 at 601]. Indeed,

the proposed amended complaint contains no claims against Sarah Johnson and specifically says that she is not a defendant. [*See* R.23-1 at 564, 575, 578]. Thus, the Court will not, in assessing prejudice, treat the proposed amended complaint as adding Johnson. *See Hoffman v. Halden*, 268 F.2d 280, 304 (9th Cir. 1959) ("[O]rdinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption."). And if it matters, Dye may move to eliminate Johnson as a named defendant under Civil Rule 21.

**2. The Court need not decide whether the amendment would be futile**

Turning now to futility. Although a futile amendment is a reason to deny leave to amend, courts may grant leave without deciding whether the amendment would be futile. "[E]ven if a claim *may* be futile, the Court is not *required* to disallow the amendment." *All Pro Brace, LLC v. U.S. Dep't of Health and Hum. Servs.*, No. 1:21-cv-00896, 2022 WL 17067459, at *3 (N.D. Ohio Nov. 17, 2022) (Barker, J.) (emphasis in original) (quotation omitted). In other words, "futility is a *permissible* basis for denying a motion to amend the complaint," but courts need not hold that an amendment is non-futile before grating leave to amend. *See Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) (emphasis added).

Following this logic, courts routinely "decline to engage in a futility analysis at the motion to amend phase" and reserve that question for the motions-to-dismiss phase. *Restocon Corp. v. Metro. Knoxville Airport Auth.*, No. 3:23-cv-142, 2023 WL 6614416, at *2 (E.D. Tenn. Aug. 25, 2023). District courts throughout the Sixth

Circuit consistently take that approach. *See Jennings v. Fun.com, Inc.*, No. 25-198, 2026 WL 2240343, at *5 (E.D. Ky. Aug. 4, 2026) (collecting cases). This Court follows that lead.

**3. No other factor counsels against granting the motion**

Nothing else here suggests denying leave to amend. For one, Dye has filed only one motion for leave to amend, so there is no "repeated failure to cure deficiencies by amendments previously allowed" here. *See Foman*, 371 U.S. at 182. For another, Dye does not appear to be acting in bad faith. And Defendants do not charge Dye with acting in bad faith in amending. [*See* R.24]. To be fair, Defendants do allege bad faith in the briefs opposing Dye's tardy responses to their motions for judgment on the pleadings, but these filings postdate the motion for leave to amend. [R.27 at 731–33]. So the Court sees no charge of bad faith about Dye's conduct as to this motion. Recall that Dye's amendment drops four counts and adds fact allegations to the remaining claims. That hardly bespeaks bad faith. *Cf. Taylor*, 2026 WL 84415, at *3 (correcting errors in original complaint).

Finally, Dye has not unduly delayed. "Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed." *Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations, LLC*, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012) (citing *Wade*, 259 F.3d at 459). But here, Dye filed the motion for leave roughly five months after the initial complaint. [*See* R.1; R.23]. Dye is thus seeking leave before any scheduling order has been issued and before any discovery has commenced.

Regardless, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade*, 259 F.3d at 458.

**B. Defendants' counterargument does not carry the day**

Defendants make one counterpunch, but it does not land. Defendants urge the Court to deny leave because, they say, the motion is "unclear." [*See* R.24 at 586–89]. But lack of clarity is not a usual reason to deny leave. *See Foman*, 371 U.S. at 182. And Defendants' citations do nothing to persuade the Court to deny leave here. [*See* R.23 at 586–88]; *Roskam Banking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906–07 (6th Cir. 2002) (no formal motion for leave); *Harris v. Aramark Inc.*, No. 2:17-cv-872, 2020 WL 91834, at *2–3 (S.D. Ohio Jan. 8, 2020) (same); *Welch v. May*, 735 F. Supp. 3d 859, 865–66 (N.D. Ohio May 24, 2024) (Carr, J.) (ruling on futility grounds); *Killick v. Harbor Freight Tools USA Inc.*, No. 5:21-cv-111, 2022 WL 22586360, at *1 (N.D. Fla. July 12, 2022) (denying a "Motion for Deposition"). At any rate, Dye's motion is clear. The motion attaches a proposed amended complaint, [R.23-1], so the Court has no trouble understanding the relief Dye seeks.

Defendants rightly note that Dye's motion inaccurately describes some changes she seeks to make to the initial pleading. Dye's motion incorrectly states that the proposed amended complaint removes a named defendant (Sarah Johnson) and removes one count (the amended complaint removes four). [*See* R.1 at 1, 12, 15, 18, 22, 26, 30; R.23 at 556; R.23-1 at 560, 575–80; R.24 at 587]. But this mismatch is no reason to deny the motion. The Court can read the amended complaint itself. *See generally Roskam*, 288 F.3d at 906; *cf. Pryor v. Brock*, No. 4:23-cv-02259, 2026 WL

1847013, at *1–2 (N.D. Ohio June 26, 2026) (Pearson, J.) (granting leave that narrowed allegations).

* * *

Because none of the leave-to-amend factors weigh in Defendants' favor, the Court **grants** Dye's Motion for Leave to Amend [R.23]. Granting the motion **moots** Defendants' motions for judgment on the pleadings, [R.17; R.18; R.19; R.20; R.21], and Dye's Motion to file late responses to those motions, [R.26], because the amended complaint [R.23-1] is now the operative complaint. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014); *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) (an amended complaint generally "moots pending motions to dismiss.") (collecting cases).

**SO ORDERED**

Dated: November 10, 2026

*s/Michael J. Hendershot*

**HON. MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**